**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SAMUEL COOPER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:06-CV-527-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Samuel Cooper, TDCJ-ID # 673194, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division. At the time he filed this petition, Cooper was incarcerated in the Bradshaw State Jail in Henderson, Texas. Texas's online Offender Information website, *available at* http://www.tdcj.state.tx.us/offender_information, reflects that Cooper is now being housed in the Darrington Unit.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

In 1993 Cooper was adjudged guilty of arson in cause no. 0468470D in the Criminal District Court Number Two of Tarrant County, Texas, and sentenced to eighteen years' confinement in TDCJ. (Petition at 2; State Habeas R. at 13.)[1] On June 30, 2000, Cooper was released on mandatory supervision, which was revoked on September 12, 2001, and he was returned to the custody of TDCJ on October 17, 2001, with jail credit allowed from July 30, 2001. (Resp't Answer, Exhibit A.) Cooper was denied credit toward his sentence for the time he spent on release–i.e., "street time" credit. (*Id.*) On April 7, 2004, Cooper was released on parole, which was revoked on March 16, 2005, and he was returned to the custody of TDCJ on April 20, 2005, with jail credit allowed from December 27, 2004. (*Id.*) Cooper was again denied street time credit for the time he spent on release. (*Id.*) Cooper pursued administrative time credit dispute resolution and state habeas relief to no avail. (*Id.*); *Ex parte Cooper*, Application No. 27,360-06, at cover. Cooper filed this federal petition for writ of habeas corpus on June 12, 2006.

## D. ISSUES

Cooper claims he is entitled to street time credit toward his sentence for the time he spent on release from July 1, 2000 to December 26, 2004, under § 508.283(c) of the Texas Government Code. (Petition at 7 & Attachment.)

## E. RULE 5 STATEMENT

Quarterman contends that Cooper's claims are barred by the federal statute of limitations.

---

[1]"State Habeas R." refers to the state court record of Cooper's relevant state habeas application. *Ex parte Cooper*, Application No. 27,360-06.

(Resp't Answer at 3-7.)

F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole and/or mandatory supervision revocation proceedings and the resultant loss or denial of time credits subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See, e.g., Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table,

3

No. 00-14008); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *Moore v. Dretke*, No. 3:03-CV-2121-R, 2003 WL 22964139 (N.D. Tex. Dec. 2, 2003) (not designated for publication); *Tweedy v. Dretke*, No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D. Tex. Sept. 15, 2003) (not designated for publication).  As to Cooper's time-credit claim following the revocation of his mandatory supervision, presumably, he knew, or could have discovered through due diligence, on the date his mandatory supervision was revoked, or shortly thereafter, that he was not entitled to and/or would not be credited for street time. In fact, at the time he was released, his "Certificate of Mandatory Supervision" notified him in bold-faced type that revocation of his mandatory supervision would forfeit time served on parole.  (Resp't Answer, Parole Revocation Packet.)   Thus, Cooper knew or should have known when he was released on mandatory supervision that he would forfeit his street time if his mandatory supervision was revoked.  Accordingly, the statute of limitations began on Cooper's claim on September 12, 2001, the date his mandatory supervision was revoked, and closed one year later on September 12, 2002, subject to any applicable tolling.

Cooper's administrative proceeding, *see infra*, and his relevant state habeas application filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Cooper alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000);  *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d

806, 811 (5th Cir. 1998).  Thus, to the extent Cooper's claims relate to the loss of street time credit following the revocation of his mandatory supervision, the claims are time-barred.

As to Cooper's time-credit claim following the revocation of his parole, presumably, he knew, or could have discovered through due diligence, on the date his parole was revoked, or shortly thereafter, that he was not entitled to and/or would not be credited for the time he spent on parole in calculating his sentence.  Accordingly, the statute of limitations began on Cooper's claim on March 16, 2005, the date his parole was revoked, and closed one year later on March 16, 2006, subject to any applicable tolling.

The record reflects that following revocation of his parole Cooper sought administrative review of his time credits through the prison's time credit dispute resolution process on May 5, 2005.  (Resp't Answer, Exhibit A.)  *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[2]  On

---

[2]Section 501.0081 of the Texas Government Code provides:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

(c)  Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole

(continued...)

5

February 1, 2006, TDCJ notified Cooper that there was no error in his time calculations.  (*Id.*) Cooper's administrative proceedings were pending a total of 272 days.  Quarterman contends that the statutory tolling provision does not provide for tolling during the pendency of the administrative dispute resolution proceedings.  (Resp't Answer at 5-6.)  However, this Court has held that the pendency of a prison grievance procedure such as the one involved here, which is mandated by § 501.0081 of the Texas Government Code, tolls the running of the statute of limitations.  *See Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002); *Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D. Tex. Sept. 17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief).  Thus, Cooper is entitled to have that period tolled under the statute.  Cooper is also entitled to tolling during the pendency of his state writ application, or an additional 44 days.  28 U.S.C. § 2244(d)(2).  Allowing for such tolling, Cooper's petition, filed on May June 12, 2006, was timely.

G. Discussion

Texas Government Code § 508.283(c), grants certain offenders who have their parole or mandatory supervision revoked on or after September 1, 2001, credit for the portion of time they spent on parole or mandatory supervision.  Tex. Gov't Code Ann § 508.283(c) (Vernon 2004). Section 508.283 provides, in relevant part:

---

[2](...continued)
date, date of release on mandatory supervision, or date of discharge.  An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

(c)  If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released.  For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.  For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

*Id.*  Basically, § 508.283(c) says that certain parole violators will receive street time credit if the remaining portion of their sentence is less than the amount of time they spent out on parole or mandatory supervision.  *See Ex parte Spann*, 132 S.W.3d 390, 392-96 (Tex. Crim. App. 2004).

In this case, TDCJ denied Cooper street time credit under § 508.283(c) because he did not meet the "mid-point calculations."  (Resp't Answer, Exhibit A.)  In turn, the Texas Court of Criminal Appeals found that Cooper had failed to rebut TDCJ's time calculations and its determination that the remaining portion of his sentence was greater than the amount of time from his release on parole until the date of issuance of the revocation warrant in 2004.  (State Habeas R. at 15-16.)  Cooper has failed to dispute this fact, in state court and now; thus, the fact is presumed correct.  Therefore, although § 508.283(c) apparently applies to Cooper's situation, he does not qualify for relief under the statutory provision and has no state or corresponding federal constitutional right to street time credit.  *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001); *Morrison v. Johnson*, 106 F.3d 127, 129 (5th Cir. 1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution).

7

## II.  RECOMMENDATION

Based on the foregoing, it is recommended that Cooper's petition for writ of habeas corpus be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file 1specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 4, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 4, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

8

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 15, 2007.


_____/s/   Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE